UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GUADALUPE PADILLA,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>            Defendant. | No.  ED CV 08-100-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on February 6, 2008, seeking review of the Commissioner's denial of her applications for Supplemental Security Income payments and Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on February 22, 2008, and February 29, 2008.  Pursuant to the Court's Order, the parties filed a Joint Stipulation on October 23, 2008, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on February 17, 1953. [Administrative Record ("AR") at 75, 89.] She has a sixth grade education from Mexico[1] [AR at 218], and has past relevant work experience as an ironer and a hospital room cleaner. [AR at 16, 212-13, 220-21, 231-33, 681.]

On March 3, 2004, plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging that she had been unable to work since March 16, 2000, due to high blood pressure, back and neck pain, arthritis, a stroke, and diabetes. [AR at 31, 89-91, 211-19, 224-26, 671-73, 682, 710.] After her applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 30-32, 52-63.] A hearing was held on March 25, 2005, at which time plaintiff appeared with counsel and testified, through an interpreter, on her own behalf. [AR at 676-90.] On May 17, 2005, the ALJ determined that plaintiff was not disabled. [AR at 13-20.] Plaintiff requested review of the hearing decision. [AR at 11, 674-75.] The Appeals Council denied plaintiff's request for review on January 21, 2006. [AR at 7-10.]

Plaintiff then filed an action in District Court, Case No. ED CV 06-154-PLA, challenging the Commissioner's decision. On February 1, 2007, the Court remanded the matter with instructions to consider the statements of plaintiff's daughter. [AR at 695-703.] On March 14, 2007, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings consistent with the Court's 2007 Order. [AR at 691-93.] On October 10, 2007, a second hearing was held, at which time plaintiff appeared with counsel and testified, through an interpreter, on her own behalf. [AR at 767-75.] A vocational expert also testified. [AR at 772-74.] On November 7, 2007, the ALJ once again determined that plaintiff was not disabled. [AR at 704-15.] This action followed.

---

[1] At the hearing on March 25, 2005, plaintiff testified that she completed the fifth grade. [AR at 679-80.]

2

# III.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

# IV.

# THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the

claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied.  Id.  The claimant has the burden of proving that she is unable to perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy.  The determination of this issue comprises the fifth and final step in the sequential analysis.  20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability.[2]  [AR at 712.]  At step two, the ALJ concluded that plaintiff has the following "severe" impairments: "degenerative changes in the musculoskeletal system, non-insulin dependent diabetes mellitus, an old left ankle fracture and an old cerebral vascular accident."  [Id.]  At step three, the ALJ determined that plaintiff's

---

[2] The ALJ also determined that plaintiff "met the insured status requirements of the Social Security Act through December 31, 2005."  [AR at 712.]

impairments do not meet or equal any of the impairments in the Listing. [AR at 712.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to "perform the full range of medium work." [AR at 713.] At step four, the ALJ concluded that plaintiff is capable of performing her past relevant work as an ironer and a hospital room cleaner. [AR at 715.] Accordingly, the ALJ found plaintiff not disabled, and did not proceed to step five in the sequential evaluation process. [Id.]

## V.
## THE ALJ'S DECISION

Plaintiff contends that the ALJ: (1) failed to properly consider the consultative orthopedic surgeon's findings; (2) misrepresented the record and failed to properly consider the consultative psychiatric evaluator's opinion; (3) failed to properly consider the mental and physical demands of plaintiff's past relevant work; (4) failed to establish that plaintiff could perform her past relevant work as an ironer and a hospital room cleaner; and (5) failed to pose a complete hypothetical question to the vocational expert. Joint Stipulation ("Joint Stip.") at 3. As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**EXAMINING PHYSICIAN'S OPINION**

Plaintiff contends that the ALJ failed to consider the limitations assessed by consultative orthopedic evaluator Dr. Warren David Yu. Specifically, plaintiff asserts that the ALJ did not provide specific and legitimate reasons for rejecting the opinion of Dr. Yu. Joint Stip. at 3-4.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 416.927; see also

---

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1  Lester, 81 F.3d at 830. As a general rule, the opinions of treating physicians are given greater
2  weight than those of other physicians, because treating physicians are employed to cure and
3  therefore have a greater opportunity to know and observe the claimant. Smolen v. Chater, 80
4  F.3d 1273, 1285 (9th Cir. 1996); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing
5  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's
6  opinion is entitled to great deference, it is not necessarily conclusive as to the question of
7  disability. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989).

8  "'The administrative law judge is not bound by the uncontroverted opinions of the claimant's
9  physicians on the ultimate issue of disability, but he cannot reject them without presenting clear
10 and convincing reasons for doing so.'" Matthews v. Shalala, 10 F.3d at 678, 680 (9th Cir. 1993)
11 (quoting Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984)); see
12 also Lester, 81 F.3d at 830. Even if a treating physician's opinion on disability is controverted, it
13 can be rejected only with specific and legitimate reasons supported by substantial evidence in the
14 record. Lester, 81 F.3d at 830. The opinion of an examining physician is, in turn, entitled to
15 greater weight than the opinion of a non-examining physician. Lester, 81 F.3d at 830. As is the
16 case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons
17 for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate
18 reasons supported by substantial evidence in the record to reject the contradicted opinion of an
19 examining physician. Id. at 830-31.

20 At the request of the Social Security Administration, Dr. Yu performed an orthopedic
21 evaluation of plaintiff on October 30, 2000. [AR at 619-22.] Dr. Yu found that plaintiff should be
22 able to sit for up to six hours in an eight-hour day, and stand or walk for four hours in an eight-hour
23 day. [AR at 622.] Dr. Yu further found that plaintiff "should occasionally be allowed to pick up 20
24 pounds, and frequently 10 pounds." [Id.] Although Dr. Yu determined that plaintiff "should have
25 free use of the upper extremities," he concluded that plaintiff "should be limited from uneven

6

ground, squatting, stooping, kneeling, crawling and climbing." [AR at 622.] The ALJ in the decision did not discuss Dr. Yu's findings.[4]

The ALJ's failure to provide specific and legitimate reasons that are supported by substantial evidence for completely ignoring Dr. Yu's opinion regarding plaintiff's limitations warrants remand. See Lester, 81 F.3d at 830-31 (the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record); see also Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996) (ALJ erred in failing to explicitly reject an opinion and set forth specific, legitimate reasons for crediting another opinion). Although the ALJ in the decision agreed with the residual functional capacity assessed by internal medicine consultative evaluator Dr. Bryan H. To [AR at 714, 730-42], the ALJ's reliance on Dr. To's opinion, without even a mention of the opinion of Dr. Yu, is insufficient.[5] Even assuming that the ALJ implicitly rejected the opinion of Dr. Yu by accepting the opinion of Dr. To, he did not provide any legally sufficient reasons in the decision for such rejection. See Lester, 81 F.3d at 830; see also 20 C.F.R. §§ 404.1527(d), 416.927(d); Brown v. Bowen, 794 F.2d 703, 708 (D.C. Cir. 1986) ("ALJ's implicit rejection . . . violated the elementary requirement that [ALJs] not only state their findings but explicate the reasons for their decision.").

---

[4] Although the ALJ indicated in the November 7, 2007, decision that the "prior decision is incorporated by reference and is the decision on remand as supplemented herein" [AR at 714], neither decision addressed the opinion of Dr. Yu. [AR at 15-20, 710-15.]

[5] Defendant contends that plaintiff failed to explain the importance of Dr. Yu's seven-year old report in comparison to the more recent reports in the record. Joint Stip. at 5. Defendant further contends that "no treating physician suggested greater functional limitations" than those assessed by Dr. To. Joint Stip. at 6. However, neither of defendant's contentions were proffered by the ALJ as a rationale for rejecting the opinion of Dr. Yu. Indeed, the ALJ in the decision made no reference whatsoever to Dr. Yu's opinion. As such, defendant's *post hoc* attempt to justify the ALJ's failure to address Dr. Yu's opinion is not sufficient to cure the error. See Vista Hill Foundation, Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (a reviewing court may affirm an administrative decision only on grounds articulated by the agency); Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 (C.D. Cal. 1996) (a court may remand if the decision of the ALJ as to a claimant's entitlement to benefits on its face does not adequately explain how a conclusion was reached, even if Social Security Administration can offer proper *post hoc* explanations for such unexplained conclusions).

Moreover, the ALJ's failure to include the restrictions found by Dr. Yu in his RFC assessment, or to properly reject those restrictions, undercuts his reliance on the opinion of Dr. To, and thus his determination of plaintiff's RFC.[6] The RFC assessment must be made "based on all the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545, 416.945. Examples of the types of evidence required to be considered in making an RFC assessment include medical history, medical signs, laboratory findings, recorded observations, and medical source statements. See SSR 96-8p. The RFC assessment must always consider and address medical source opinions, and if the assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.[7] See SSR 96-8p; see also Gastil v. Astrue, 2008 WL 754199, at *7 (D. Kan. Mar. 18, 2008) ("According to SSR 96-8p, the ALJ must always consider and address medical source opinions."); Thompson v. Barnhart, 2006 WL 709795, at *13 (E.D. Pa. Mar. 15, 2006) ("'Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.'") (quoting Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981)).

In determining plaintiff's RFC, the ALJ failed to discuss Dr. Yu's findings that plaintiff was: (1) limited to sitting for a maximum of six hours in an eight-hour day, and standing or walking for four hours in an eight-hour day; (2) limited to occasional lifting of 20 pounds, and frequent lifting of 10 pounds; and (3) limited from uneven ground, squatting, stooping, kneeling, crawling and climbing. [AR at 622.] The ALJ's failure in this regard is significant because the limitations found by Dr. Yu do not support the ALJ's conclusion that plaintiff is able to "perform the full range of

---

[6] The ALJ relied on the opinion of Dr. To and found that plaintiff could "perform the full range of medium work." [AR at 713-14, 730-42.] No other limitations were included by the ALJ in plaintiff's RFC assessment.

[7] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

1  medium work."[8] [AR at 713.] The ALJ in the RFC assessment failed to include the limitations
2  found by Dr. Yu and did not provide any explanation for his failure to do so. [AR at 167, 252.] The
3  ALJ may not point to and discuss only those portions of the record that favor his ultimate
4  conclusion. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for an ALJ to ignore
5  or misstate the competent evidence in the record in order to justify his conclusion); see also
6  Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983) (while the ALJ is not obligated to "reconcile
7  explicitly every conflicting shred of medical testimony," he cannot simply selectively choose
8  evidence in the record that supports his conclusions); Whitney v. Schweiker, 695 F.2d 784, 788
9  (7th Cir. 1982) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests
10 an opposite conclusion.") (citation omitted); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir.
11 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of
12 supporting evidence"). Given that the ALJ did not provide specific and legitimate reasons
13 supported by substantial evidence in the record to reject the findings of Dr. Yu, or include Dr. Yu's
14 findings in the RFC assessment, the ALJ's determination of plaintiff's RFC is deficient.[9]

---

[8]  Medium work is defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c). Dr. Yu's findings more closely apply to light work. See 20 C.F.R. §§ 404.1567(b) and 416.967(b).

[9]  Plaintiff also contends that the ALJ misrepresented the record and failed to properly consider consultative psychiatric evaluator Dr. Louis A. Fontana's opinion set forth in a May 24, 2004, evaluation. Joint Stip. at 6-8. [AR at 593-97.] Specifically, plaintiff asserts that the ALJ in the May 17, 2005, decision (hereinafter referred to as the "previous decision") misrepresented the record by stating that "Dr. Fontana was of the opinion that the claimant should be able to perform simple and repetitive tasks as well as detailed and complex tasks." Joint Stip. at 7. [AR at 17.] Plaintiff further asserts that the ALJ failed to properly consider Dr. Fontana's finding in the May 24, 2004, evaluation that plaintiff "should be able to perform simple and repetitive tasks, but could have difficulty with more detailed and complex tasks." Joint Stip. at 7-8. [AR at 596.] As an initial matter, the Court notes that the ALJ in the previous decision accurately stated Dr. Fontana's finding concerning plaintiff's ability to perform detailed and complex tasks, as it was reflected in the July 10, 2003, evaluation completed by Dr. Fontana. [AR at 17, 605-09.] Although the ALJ did not misrepresent Dr. Fontana's 2003 opinion in the previous decision, he failed to mention Dr. Fontana's more restrictive 2004 opinion in both the previous decision and the current decision of November 7, 2007. Even if the ALJ implicitly rejected Dr. Fontana's finding in the 2004 evaluation by giving more weight to the recent 2007 consultative psychiatric evaluation completed by Dr. Jason H. Yang, as defendant contends (see Joint Stip. at 8), such an implicit rejection is legally

Plaintiff further contends that the ALJ's hypothetical question posed to the vocational expert at the October 10, 2007, hearing was incomplete in that it did not accurately describe plaintiff's restrictions, and that the vocational expert could not appropriately assess whether plaintiff "could perform and sustain full time competitive work" in light of the extent of her limitations. Joint Stip. at 19-20. Notably, plaintiff argues that the hypothetical question "did not include any of the limitations determined by Dr. Yu." Joint Stip. at 19. In light of the Court's conclusion that the ALJ failed to consider Dr. Yu's findings, the ALJ is instructed on remand to pose a hypothetical question that contains all relevant limitations. Accordingly, remand is warranted.[10]

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to consider the opinion of Dr. Yu. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: January 26, 2009

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

insufficient. See discussion, supra, p. 7. Further, as noted above, an ALJ must consider all of the relevant evidence in the record and may not discuss only the evidence that supports his conclusion. See discussion, supra, pp. 8-9. Thus, in light of the remand Order, the Court directs the ALJ to also thoroughly consider Dr. Fontana's May 24, 2004, evaluation.

[10] As the ALJ's consideration on remand of Dr. Yu's opinion may impact on the remaining issues raised by plaintiff in the Joint Stipulation, the Court will exercise its discretion not to further address those issues in this Order.

10